IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JOSEPH PETERSON**, and
**TAMI PETERSON**,

        Plaintiffs,

        v.

**DIRECT COAST TO COAST, LLC,** and
**SELECTIVE TRANSPORTATION CORPORATION**,

        Defendants.

No. 3:14-cv-00284-MO

OPINION AND ORDER

**MOSMAN, J.**,

On October 17, 2014, Defendants filed a Motion to Compel Answers to Interrogatories [36]. Defendants argue that Plaintiffs either insufficiently answered or failed to answer several interrogatories. For the reasons set out below, I GRANT IN PART and DENY IN PART Defendants' Motion to Compel Answers to Interrogatories [36].

**DISCUSSION**

**I.**    <u>**Plaintiffs' Answer to Interrogatory No. 1**</u>

Defendants' first briefed objection in their motion to compel is that Plaintiffs failed to properly respond to Interrogatory No. 1. (Defs.' Motion [36] at 3.) Interrogatory No. 1 asks:

> If you contend that any party or any officer, employee, or agent thereof, violated any statute, rule, regulation or other provision enacted by any governmental authority or by any other body or entity, identify and describe in detail each such

1 – OPINION AND ORDER

provision, together with each and every fact upon which you base such contention.

(Defs.' Reply [38] Ex. 1 at 2.) Plaintiffs did not answer this interrogatory, but rather objected to it on the following grounds:

> In accordance with LR 33(d), Plaintiff objects to and will not answer as this request asks Plaintiff to apply law to fact and the [sic] is not a true contention (clarifying what we are contending our claim to be) request.

(*Id.*) Defendants argue that they are entitled to receive the requested information because it is "related to the facts of this case or the application of law to the facts of this case, and does not ask the Plaintiffs to state facts or extend legal issues unrelated to the facts of this case." (Defs.' Reply [38] at 4.)

Defendants are correct that they are entitled to receive most of the information requested in this interrogatory. Defendants are entitled to receive a statement from Plaintiffs detailing the statute, rule, regulation, or other provisions enacted by a governmental authority that serve as the basis for their claims. Defendants are also entitled to a statement of the general facts that support those legal bases. Defendants, however, are not entitled to receive "each and every fact" upon which Plaintiffs base their claims. (Defs.' Reply [38] Ex. 1 at 2.)

## II.    Number of Interrogatories

Defendants next argue that Plaintiffs erred in failing to answer interrogatories nos. 21–25. (Defs.' Reply [38] at 4.) Plaintiffs argue that they did not have to answer the final few interrogatories because, after accounting for the many subparts that Defendants has added to each interrogatory, Defendants had exceeded the FRCP 33(a)(1) limits of twenty-five interrogatories. (Defs.' Reply [38] Ex. 1 at 12–15.) Defendants argue that because there are two plaintiffs in this action, Defendants should be permitted to serve a combine total of sixty

interrogatories on Plaintiffs. In support of this position, Defendants cite a District of Kansas case that allowed a defendant to serve one hundred and twenty general interrogatories on the four plaintiffs in the case (thirty per plaintiff). *See Semroth v. City of Wichita*, 2008 U.S. Dist. LEXIS 35380, 6–10 (D. Kan. Apr. 28, 2008). I find this authority to be unpersuasive. Defendants also cite a District of Oregon case in support of their position. *See Woodward Stuckart, LLC v. U.S.*, 2012 WL 1890364, at *2 (D. Or. May 23, 2012). That case, however, unequivocally states that "[n]either party cite[d] to any Ninth Circuit or District of Oregon authority, and the Court is not aware of any, that resolves the 'per party' and 'per side' question as applied to Rule 33, and the Court declines to make such a ruling here." (*Id.*) Therefore, again, this case provides no support for Defendants position.

Defendants provide no persuasive support for their position that the twenty-five interrogatory limitation of FRCP 33(a)(1) should be measured on a per party rather than a per side basis. I believe that it is appropriate to measure the FRCP 33(a)(1) limit on a per side basis. I find that the Plaintiffs did not err in failing to answer all of Defendants interrogatories.

I also deny Defendants request for leave to file more interrogatories. FRCP 33(a)(1) states that I may give leave to file additional interrogatories beyond the normal twenty-five limit. Defendants have offered no basis for why this case merits more than the standard twenty-five limit. I will not grant Defendants request for leave to file additional interrogatories simply because they would like me to do so.

### III.    FRCP 33(d) and the Production of Documents

Defendants next argue that Plaintiffs have improperly objected to numerous interrogatories because answering them would require Plaintiffs to produce documents. (Defs.' Reply [38] at 6.) Defendants reject Plaintiffs' position that these types of requests can only come

3 – OPINION AND ORDER

in the form of requests for document production. (*Id.*) Defendants contend that at least two district of Oregon cases support the proposition that Plaintiffs must answer the interrogatories and or produce documents containing the answers. *See McLaughlin v. Cowell Roofing Co.*, 1989 U.S. Dist. LEXIS 1934, at *3-6 (D. Or. Feb. 9, 1989); *Penk v. Or. State Bd. of Higher Educ.*, 1985 U.S. Dist. LEXIS 22624, *159 (D. Or. Feb. 15, 1985). *Penk* does not appear to ever mention FRCP 33 or interrogatories in any way. Defendants misread *McLaughlin*. FRCP 33(d) is not a rule that permits parties to force production of documents. This rule covers interrogatories whose answers require "examining, auditing, compiling, abstracting, or summarizing a party's business records." Fed. R. Civ. P. 33(d). FRCP 33(d) allows the party being interrogated to either: (1) look up the answer to an interrogatory in their business records and provide that answer to the interrogating party; or (2) provide the interrogating party with any business records relevant to the interrogatory and tell the interrogating party to look up the answer themselves. Nothing in this rule allows the interrogating party to require that the party being interrogated to choose the second option. What *McLaughlin* stands for, is that if a party chooses the second option under FRCP 33(d), they cannot produce a mess of business records to the interrogating party and say, "Good luck finding your needle in that haystack." Rather, the party being interrogated must produce only the relevant business records, and provide sufficiently detailed instructions on where the answer to the interrogatory may be found.

     In each of the interrogatories where Defendants argue Plaintiffs have misinterpreted FRCP 33(d)—nos. 2, 3, 5, 13, 17, 18, 19 and 20—Defendants have not asked the types of question that are covered by FRCP 33(d) that might result in document production. For example, interrogator no. 17 asks, "Identify and annex hereto each and every document which refers or relates to Plaintiffs and/or Defendants which will be offered into evidence at trial." This type of

4 – OPINION AND ORDER

interrogatory has no relation to FRCP 33(d). I deny all relief that Defendants seek in their Motion to Compel that is based off of their interpretation of FRCP 33(d).

## IV.    Answers Containing "To the Best of My Knowledge"

Defendants next object to Plaintiffs answers that contain the qualification "to the best of my knowledge." (Defs.' Reply [38] at 8.) Defendants argue that this gives Plaintiffs' answers the appearance of incompleteness, and it leaves open the question of whether or not the responses are binding on Plaintiffs. Although I am denying the relief that Defendants seek through these objections, Defendants need not worry about the potential harms they list. To the extent Plaintiffs seek to introduce new evidence that was not disclosed in their responses to Defendants' interrogatories, Plaintiffs will be barred from doing so if it is shown that the Plaintiffs knew or should have known that information at the time they responded to Defendants' interrogatories.

## V.    Miscellaneous Objections

Defendants end their motion with several smaller objections to Plaintiffs' answers to interrogatories nos. 3, 6, 7, 19(b) and 21(a). (Defs.' Reply [38] at 8). Those objections are resolved as follows:

- **Interrogatory No. 3:** Plaintiffs' answer that "none are known" will be treated the same way as the answers containing "to the best of my knowledge." Defendants' requested relief is denied.

- **Interrogatory No. 6:** I agree with Plaintiffs that it is unclear why identifying each business the Plaintiffs have been associated with within the last five years is relevant. Defendants respond to this objection by stating that this information is relevant without stating how or why it is relevant. I therefore deny Defendants requested relief for Plaintiffs' answer to this interrogatory.

- **Interrogatory No. 7:** Plaintiffs' answer that there is "nothing responsive" can only fairly be read to mean that the information does not exist. Defendants' requested relief is denied in form, but granted in substance—Plaintiffs will be barred from entering any evidence related to trade names or assumed names used in the past five years to conduct business for the past.

- **Interrogatory No. 19(b):** I agree with Defendants' objection to this answer. "Tami and Joe" is not a cognizable answer to the interrogatory "Identify all communications relating or referring to the calculations, preparation and conclusion of said damages." (Defs.' Reply [38] Ex. 1 at 10.) Plaintiffs are ordered to provide Defendants with a responsive answer to this interrogatory.

- **Interrogatory No. 21(a):** I agree with Defendants' objection to this answer. "Increased labor cost to harvest, filing fees, and other associated court costs" is not a cognizable answer to the interrogatory "Identify all individuals having knowledge of the facts set forth in response to this interrogatory." (Defs.' Reply [38] Ex. 1 at 11.) Plaintiffs are ordered to provide Defendants with a responsive answer to this interrogatory.

## CONCLUSION

Based on the reasoning set out above, I order that Plaintiffs produce the following items to Defendants within ten (10) days of entry of this order:

- A statement detailing the statute, rule, regulation, or other provisions enacted by a governmental authority that serve as the basis for their claims, and a statement of the general facts that support those legal bases.

- A responsive answer to interrogatory no. 19(b) that identifies all communications relating or referring to the calculations, preparation and conclusion of said damages.

- A responsive answer to interrogatory no. 21(a) that identifies all individuals having knowledge of the facts regarding each and every expense incurred by Plaintiffs as a result of filing the lien referred to in Plaintiff's complaint.

Defendants' request for an award of attorney fees for having to file their motion to compel is denied.

IT IS SO ORDERED.

DATED this   24th   day of November, 2014.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge