**Anne D. Foster, OSB No. 993152**
Email: afoster@dunncarney.com
**Samuel T. Smith, OSB No. 084772**
Email: ssmith@dunncarney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204-1357
Telephone: (503) 224-6440
Fax: (503) 224-7324

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TAMI K. PETERSON, and JOSEPH PETERSON,<br><br>                              Plaintiffs,<br><br>          v.<br><br>DIRECT COAST TO COAST, LLC and SELECTIVE TRANSPORTATION CORPORATION,<br><br>                              Defendants. | No. 3-14:cv-00284-MO<br><br>MOTION TO CERTIFY QUESTION TO OREGON SUPREME COURT<br><br>LR 83-15; ORS 28.200<br><br>**(Oral Argument Requested)** |

Throughout this slander of title proceeding, Plaintiffs Tami and Joseph Peterson ("Plaintiffs") argued that attorney fees are generally recoverable as a form of special damages in slander of title cases, and sought from this Court the right to seek recovery of those fees in this matter.  Consequently, before and during trial, Plaintiffs informed the Court and the jury that they were prepared to present evidence of the amount of attorney fees they had incurred in New Jersey and Oregon to clear title to their cranberry farm in Clatsop County.  However, the Court excluded such evidence at trial.  Thus, after trial, Plaintiffs moved for an award a portion of their attorney fees incurred in Oregon pursuant to ORS 20.105 and the common law for slander of title damages.

That motion is still under consideration.[1]

Plaintiffs understand that the Court's ruling on attorney fees during trial hinged on its reading of *Hubbard v. Scott*, 85 Or. 1, 13-14, 166 P. 33 (1917) wherein the Oregon Supreme Court appeared to hold that attorney fees are not recoverable as special damages in slander of title cases under Oregon law.  Plaintiffs contend that the Supreme Court's opinion in *Hubbard* is vague and does not say what Defendants claim; that the premise on which *Hubbard* is based has changed over the last 100 years; and that *Hubbard*'s holding, if accurately represented, is no longer good law.  During trial, this Court acknowledged *Hubbard* was old law and appeared split on whether to apply it here.  To the extent the Court remains inclined to deny Plaintiff's fee request based on *Hubbard*, Plaintiffs move the Court to certify the following questions:

1. Are attorney fees recoverable as special damages in an action for slander of title (arising under Oregon common law) notwithstanding *Hubbard v. Scott*, 85 Or. 1, 166 P. 33 (1917)?

2. Put differently, is the rule stated in *Hubbard*, 85 Or. at 13-14 (which seemingly prohibits recovery of attorney fees as an element of special damages) still good law, considering the change in the common law nationally since *Hubbard* was decided nearly 100 year ago?[2]

As explained below, certification is appropriate in this instance.  Further, if this motion is granted, the Oregon Supreme Court should accept the questions for review.

## ARGUMENT

### A.  Legal Criteria for Certification of Question

The criteria for granting a motion to certify are set forth in ORS 28.200 and discussed at length in *Western Helicopter Servs. Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 811 P.2d 627 (1991).  ORS 28.200 requires in relevant part:

"The Supreme Court *may* answer questions of law certified to it by…a United States District Court…when requested by the certifying court if there are involved in any

---

[1] Plaintiffs incorporate the briefing relating to Plaintiff's motion for fees as if fully set forth herein.

[2] *Hubbard's* rule is premised exclusively on the Oregon Supreme Court's then-observation that attorney fees were not recoverable because, at that time, the "weight of authority" from other jurisdictions did not allow it.  *Id*. at 13.  That premise is no longer correct.

proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state."

Under *Western Helicopter*, the Oregon Supreme Court identified five mandatory factors that must be met before a motion to certify would be granted. The *Western Helicopter* Court indicated that once the five mandatory factors were met, the Oregon Court can then consider seven discretionary factors before accepting review. *Id.* at 364. As explained below, both the mandatory and discretionary factors described by *Western Helicopter* weigh in favor of granting Plaintiffs' motion to certify.

### A. Certification is Appropriate Because all Five Mandatory Factors Under ORS 28.200 are Satisfied in This Case.

Pursuant to ORS 28.200, the five mandatory factors for granting certification are: (1) the court granting the motion must be one of the courts listed in ORS 28.200 which includes "a United States District Court"; (2) the question must be a question of law; (3) the law at issue must be Oregon law, *i.e.* the "law of this state"; (4) the question "may be determinative of the cause"; and (5) there is "no controlling precedent" addressing the same question.

The first four of these factors can be determined objectively by the certifying court. *Western Helicopters*, 311 Or. at 366. The fifth factor, however, is subjective and in certain instances the Oregon Supreme Court may grant review notwithstanding the existence of controlling precedent. *Id.* at 366, 367. As explained below, all five factors are present here, notwithstanding the *Hubbard* opinion.

### 1. Requirements 1-3 Are Easily Met: This Court is a Statutorily Appropriate Court to Certify These Questions of Oregon Law.

The first three requirements are easily met. As to the first requirement, this Court is listed in the statute as an appropriate Court seeking certification. ORS 28.200. With regard to the second requirement, the issue of availability of fees is purely legal. The only disputed facts relate to the reasonableness of the amount of fees, a matter easily determined by this Court (rather than the Oregon Supreme Court). Finally, with regard to the third requirement, the parties disagree

whether in Oregon, attorney fees and litigation costs are recoverable as damages in slander of title cases.

**2.    Requirement 4 Is Also Met: Answering The Above Questions Will Be Determinative of the Last Issue in this Case – *i.e.* the Availability of Attorney Fees.**

The fourth requirement means that answering the certified questions "must, in one or more of the forms it could take, have the potential to determine at least one claim in the case."  *See Western Helicopter*, 311 Or at 630.  Here, the only remaining claim to be determined is whether Plaintiffs are entitled to recover their attorney fees and costs associated with this slander of title litigation and if so, the amount of those fees and costs.  Certification to and review by the Oregon Supreme Court will determine the key aspect of that claim, namely whether attorney fees and costs are allowed.

**3.    The Final Requirement is Also Met: The Questions Presented Concern Whether the *Hubbard* Case is Actually Controlling Precedent (*i.e.* Remains Good Law).**

The fifth requirement—that there is no controlling Oregon precedent—is also met. This is true notwithstanding the existence of the *Hubbard* case for the following reasons.

**a.   *Hubbard* does not clearly answer the question.**

First, it is far from clear *Hubbard* actually establishes that, in all events, attorney fees are not recoverable as damages in a subsequent slander of title case.  The *Hubbard* opinion is not a model of clarity when it comes to the basis and reasoning for the *Hubbard* court's rejection of the fees at issue in that case.  Seemingly, however, the court in *Hubbard* relied heavily on the fact that the plaintiffs to the slander of title action had already obtained a decree in their favor in an earlier case filed by the defendant and that such a decree was "supposed to have adjudged to the prevailing parties all sums to which they were entitled on account of expenses incurred [in the earlier action]." 85 Or. at 14.

Here, there was no prior decree and the lien remained in effect through trial. Thus, it remains uncertain whether, under *Hubbard*, the fees at issue in this case would likewise be unrecoverable.

PAGE 4 – MOTION TO CERTIFY QUESTION TO THE OREGON SURPEME COURT

### b.  *Hubbard* is No Longer Good Law.

Second, to the extent *Hubbard* clearly holds that attorney fees are not recoverable as special damages in slander of title cases, the Oregon Supreme Court in *Western Helicopter* very clearly stated that it is always "willing to reconsider settled precedent of [the Oregon Supreme Court] if circumstances warrant."  *See e.g.,* 311 Or. at 367.  Here, there is reason to believe *Hubbard* is no longer good law, and therefore circumstances warrant reconsideration.

The *Hubbard* court seemingly based its ruling exclusively on its observation that the "weight of authority" from other jurisdictions did not allow attorney fees.  *Id.* at 13.  That was it. The court offered no additional analysis.  Because the *Hubbard* court rested its conclusion on such a thin premise, its ultimate ruling is only as strong as the continued correctness of its original observation.  And that is the problem.  *Hubbard*'s premise is now so outdated its conclusion is no longer a correct statement of law.  For example, one of the cases cited in *Hubbard* was a Washington case: *McGuinness v. Hargiss*, 56 Wash. 162, 105 P. 233 (1909).  Notably, the Washington Supreme Court overruled *McGuinness* in 1994.  *See Rorvig*, 123 Wash. 2d at 861. Washington now permits recovery of attorney fees in slander of title cases.  *Id.* (older cases "represent[] an outdated approach").  Similarly, the "weight of authority" from other jurisdictions (to borrow *Hubbard*'s phrasing) has also changed.  As discussed below, the majority position is now to permit recovery of attorney fees in slander of title cases.  In sum, the premise on which *Hubbard* based its apparent conclusion is no longer correct.  Thus, *Hubbard* is no longer good law.[3]

### c.  Recovery of Attorney Fees is the Majority Rule.

Contrary to Defendants' arguments, the weight of persuasive authority from other jurisdictions permits attorney fees in slander of title cases.  Following is a list of states permitting recovery of attorney fees in slander of title cases under the common law:

- California          *Summer Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App.4th 999, 1032-33, 141 Cal. Rptr. 3d 109 (2012);

---

[3] *Hubbard* has been long criticized for the thinness of its analysis.  See *Dowse v. Doris Trust Co.*, 116 Utah 106, 111-12, 208 P.2d 959 (1949) (declining to follow *Hubbard*).

- Colorado      *Skyland Metropolitan Dist. v. Mountain West Enter., LLC*, 184 P.3d 106, 131-32 (Colo. App. 2007);

- Florida      *Price v. Tyler*, 890 So.2d 246, 249-50 (Fla. 2004);

- Idaho      *Weitz v. Green*, 148 Idaho 851, 862, 230 P.3d 743 (2010);

- Illinois      *Gambino v. Boulevard Mrtg. Corp.*, 398 Ill. App. 3d 21, 67-68, 922 N.E.2d 380 (2009);

- Indiana      *Wilcox Lumber Co., Inc. v. The Andersons, Inc.*, 848 N.E.2d 1169 (Ind. Ct. App. 2009);

- Kansas      *Vaught v. Jonathan L. Petty John & Co.*, 104 Kan. 174, 178 P. 623 (1919).

- Maine      *Colquhoun v. Webber*, 684 A.2d 405 (Me. 1996);

- Maryland      *Rite Aid Corp. v. Lake Shore Investors*, 298 Md. 611, 471 A.2d 735, 44 A.L.R.4th 1063 (1984);

- Minnesota      *Padar v. Hughes*, 615 N.W.2d 276, 280 (Minn. 2000);

- Mississippi      *Phelps v. Clinkscales*, 247 So. 2d 819 (Miss. 1971);

- Missouri      *Lau v. Pugh*, 299 S.W.3d 740, 749-50 (Mo. App. 2009);

- Nevada      *Horgan v. Felton*, 123 Nev. 577, 170 P.3d 982 (2007);

- New Mexico      *Den-Gar Enterprises v. Romero*, 94 N.M. 425, 1980-NMCA-021, 611 P.2d 1119 (Ct. App. 1980);

- South Carolina      *Solley v. Navy Fed. Credit Union*, 397 S.C. 192, 210-11, 723 S.E.2d 597 (2012);

- South Dakota      *Brown v. Hanson*, 798 N.W.2d 422, 431-32 (S.D. 2011);

- Tennessee      *Ezell v. Graves*, 807 S.W.2d 700, 702-03 (Tenn. App. 1990);

- Utah      *Neff v. Neff*, 247 P.3d 380, 400-02 (Utah 2011); and

- Washington      *Rorvig v. Douglas*, 123 Wash. 2d 854, 861, 873 P.2d 492 (1994).[4]

Most of the above-cited cases are modern. That is not an accident. There has been a shift in the law in recent years. Many jurisdictions now recognize slander of title cases as an exception

---

[4] This is not meant to be an exhaustive list. *See also* Pearson, *What Constitutes Special Damages in Action for Slander of Title*, 4 A.L.R.4th 532, §9 (orig. pub. 1981) (collecting cases).

to the American Rule and permit recovery of attorney fees to prevailing plaintiffs.  The reasons for this shift were best described by the Tennessee Court of Appeals in *Ezell*:

> When a cloud has been cast upon the title to property, the owner does not have the same options to correct the wrong.  The sole way of dispelling another's wrongful assertion of title is by hiring an attorney and litigating. . . .  The plaintiffs here were forced into court by the defendants' actions.  They were required to hire counsel, take depositions, arrange for court reporters, and run up numerous other expenses. These costs, which represented the only possible course of action to clear their title, flow directly and proximately from the defendants' conduct.  But for the defendants [conduct], the plaintiffs would not have incurred these expenses.  As such, they represent an actual pecuniary loss that, if substantiated, should be recoverable as special damages.

807 S.W.2d at 703.

In other words, the slander of title 'exception' to the American Rule recognizes the defendant's unique role in triggering this type of litigation – *i.e.* the defendant *intentionally* clouded the plaintiff's title and *intentionally* refused to remove that cloud, forcing plaintiff into litigation unwillingly.  Further, ignoring the cloud is not an option.  It impairs vendibility of the plaintiff's property; it affects the plaintiff's credit; and it stands as a public declaration of indebtedness that the plaintiff cannot erase, absent litigation.  The defendant knows this, which forces the plaintiff into a Hobson's choice: either pay money to the defendant to go away or pay money to an attorney to file suit.  Either way, the plaintiff is forced to spend money it should not and would not have had to spend absent the defendant's intentional conduct.  Thus, the only way for a plaintiff to get complete relief is to recover attorney fees as part of a slander of title action. Perhaps more than any other reason, this is why most courts have considered the issue permit recovery of attorney fees.  It is a matter of equity and fair remedy.  For this reason alone, this Court should certify the above questions.

### B.  Certification is Also Appropriate Because the Discretionary Factors are Also Satisfied in This Case.

Provided this Court grants Plaintiffs' motion, a relevant concern is whether the Oregon Supreme Court will accept the questions proposed above.  Plaintiffs believe the Oregon Supreme Court would do so here.  In *Western Helicopters*, the Oregon Supreme Court listed seven factors which would guide its discretion on whether to accept a certified question.  Those factors include:

PAGE 7 – MOTION TO CERTIFY QUESTION TO THE OREGON SURPEME COURT

(1) whether there is controlling Oregon precedent on the questions presented; (2) whether the *Pullman* abstention doctrine applies to the case; (3) whether principles of comity favor acceptance of the certified questions; (4) whether the questions presented are of sufficient importance to justify acceptance; (5) whether the issues are contested by the opposing party; (6) whether the federal case has progressed far enough along (at least through the pre-trial stage) before the questions are certified; and (7) whether the Oregon Supreme Court will have the authority to restate the question if it decides to do so. 311 Or. at 366-371. As explained below, the applicable factors favor acceptance by the Oregon Supreme Court of the questions presented herein.

1) Controlling Oregon precedent: as discussed above, the questions presented herein concern whether the *Hubbard* case is actually controlling precedent (*i.e.* was ever or remains good law) favors accepting certification.

2) Pullman abstention: because this case does not involve questions of federal constitutional law, *Pullman* abstention concerns do not apply. Nevertheless, accepting certification is more expedient than staying this case and forcing plaintiffs to file a declaratory action in state court.

3) Principles of comity favor accepting certification: the federal trial court is asking the state of Oregon to clarify its own law rather than doing so in its stead.

4) The Questions Presented are Very Important to Oregon Citizens. As other states have recognized, owners of property do not have many options to correct an improperly filed lien. Oregonians, like citizens of other states are reliant on the reasonable actions of the person filing the wrongful assertion of title. When the party filing the wrongful assertion is unwilling to remove it, the owner's sole option is to hire an attorney and litigate the issue of slander of title. Owners are required to incur significant expenses through no fault of their own. Oregon citizens deserve the same protection, the right to collect these expenses from the wrongdoer, as countless other states have already recognized.

5) As the Court is aware, Defendants oppose granting attorney fees to Plaintiffs.

6) This case has proceeded all the way through trial: the procedural posture is ripe for certification.

7) Plaintiffs hereby consent to the Oregon Supreme Court restating these questions however they see fit.

In short, the Oregon Supreme Court will likely accept review of this matter and this Court should certify the above questions.

### CONCLUSION

For all of the reasons stated above, Plaintiffs ask this Court to order that the above-stated two questions be certified to the Oregon Supreme Court.


Dated: January 8, 2016.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP


*/s/ Anne D. Foster*
Anne D. Foster, OSB No. 993152
Email: afoster@dunncarney.com
Samuel T. Smith, OSB No. 084772
Email: ssmith@dunncarney.com
Attorneys for Plaintiffs